**1128**

Joseph Victor **CUSUMANO** and Sidney
M. **Harmon**, Plaintiffs,

v.

Dr. C. Brice **RATCHFORD** et al.,
Defendants.

No. 73 C 668 (1).

United States District Court,
E. D. Missouri, E. D.

March 19, 1974.

Stanley E. Goldstein, Liberman, Baron
& Goldstein, St. Louis, Mo., for plaintiffs.

Jackson A. Wright, Marvin E.
Wright, James S. Newberry, Richard S.
Paden, Columbia, Mo., Robert Neill, Jr.,
St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This action is before this Court on the motions of the defendants to dismiss or in the alternative to sever the claims. The motions to dismiss will be granted.

The plaintiffs have alleged that defendants' actions violated their constitutional rights under the Fourteenth Amendment to the United States Constitution. Plaintiff Cusumano was an instructor on a seven-year probationary period, during which time he was rehired each year on one-year term contracts. Plaintiff Harmon was an associate professor on a three-year probationary period, during which time he was rehired each year on a one-year term contract. The Academic Tenure Regulations of the University of Missouri (regulations) established March 10, 1950, were a part of both plaintiffs' contracts.

Plaintiffs Cusumano and Harmon received notice during their last probationary year (plaintiff Cusumano's seventh year, plaintiff Harmon's third year) that they each would be reappointed to a terminal one-year term, and not be rehired thereafter. Both plaintiffs allege a violation of their constitutional rights due to the failure of the University to give them a hearing on the reasons for this action.

The Supreme Court of the United States has recently been confronted with this issue of procedural due process in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The Court said that all teachers do not have a right to procedural due process merely because their employment is ter-

minated, but their rights to liberty or property must have been violated by the termination. In this case, the plaintiffs do not contend their rights to liberty were violated, and would not prevail on this issue anyway, by the Supreme Court's analysis of this right. However, both plaintiffs allege the violation of their rights to property.

". . . 'property' denotes a broad range of interests that are secured by 'existing rules or understandings' [Board of Regents v. Roth, supra 408 U.S.] at 577, [92 S.Ct. at 2709]. A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit . . ." Perry v. Sindermann, supra, at 601, 92 S.Ct. at 2699.

Thus, procedural due process must be observed in the case of a tenured teacher or one discharged in mid-year. There are also other times where a teacher may have "a legitimate claim of entitlement to job tenure," Perry v. Sindermann, supra, at 602, 92 S.Ct. at 2700, and procedual due process would be required.

However, in the instant case, the regulations that were a part of each plaintiffs' contract clearly state in regard to Mr. Cusumano:

"Sec. 4. . . .

A. Instructor. Initial appointment at the rank of Instructor shall be a term appointment for one academic year. The maximum probationary period on term appointments shall not exceed seven years. During the appointee's initial one year term, and during each succeeding term through his seventh year of service, his dean or other appropriate administrative officer shall make one of the following recommendations, except that recommendations (1) and (2) shall not be made during the appointee's seventh year of service:

(1) that he be reappointed Instructor for a term;

(2) that he be promoted to Assistant Professor on term appointment. If such recommendation is effected by Board action, Section 4 B controls thereafter, except that the maximum probationary period on term appointments shall not exceed seven years, and all of the service as an Instructor shall be credited toward said seven year period;

(3) that he be promoted to Assistant Professor on continuous appointment;

(4) in exceptional individual cases, that he be reappointed Instructor on continuous appointment;

(5) in special types of positions under the jurisdiction of the Dean of the College of Agriculture, the Dean of the College of Education, the Directors of Experiment Stations, or the Vice-President in Charge of Extra-Divisional Educational Activities, that he be reappointed Instructor on continuous appointment;

(6) that he be reappointed Instructor for a terminal one year term, expressly stated to be such; or

(7) that he not be reappointed, provided there has been timely notice as stipulated in Section 4 E. A formal recommendation to this effect need not be made."

and in regard to Mr. Harmon:

"Sec. 4. . . .

C. Associate Professor. Initial appointment at the rank of Associate Professor normally shall be a term appointment. The maximum probationary period on term appointments shall not exceed four years. During the appointee's initial term, and during each succeeding term through his fourth year of service, his dean or other appropriate administrative officer shall make one of the following recommendations, except that recommendation (1) shall not be made during the appointee's fourth year of service:

(1) that he be reappointed Associate Professor for a term;

(2) that he be reappointed Associate Professor on continuous appointment;

(3) that he be promoted to Professor on continuous appointment;

(4) that he be reappointed Associate Professor for a terminal one year term, expressly stated to be such; or

(5) that he not be reappointed, provided there has been timely notice as stipulated in Section 4 E. A formal recommendation to this effect need not be made."

These same regulations provide for a one-year notice to each of the plaintiffs in this case, but also state at 4E:

"A terminal one year term appointment expressly stated to be such shall be sufficient notice that the appointee will not be recommended for reappointment at the end of the terminal period."

The regulations also provide:

"The non-reappointment of any appointee on term appointment shall carry no implication that either his work or his conduct has been unsatisfactory. For this reason it shall not be necessary for his dean or department chairman to provide him with any statement of causes or reasons for not recommending reappointment."

With such clear and explicit language in the regulations that were a part of their contracts, the plaintiffs do not have a legitimate claim of entitlement to job tenure or even a reasonable expectation of employment for more than the one-year terms they received.

The plaintiffs have contended that the sentence on page 16 in the Appendix to the regulations that

". . . Notices should be given at least one year prior to the expiration of the probationary period, if the teacher is not to be continued in service after the expiration of that period."

entitled them to notice prior to their final probationary year, if they were not to be given a continuous appointment following this final year. This contention cannot prevail. This sentence says notice "should" be given, not "must", and cannot be a basis for job entitlement when read with the definite provisions earlier set out. Also this notice is only provided for if the teacher is not to be "continued in service" at the end of his probationary period. It does not say that he is to be given such notice if not to be continued in service with a continuous appointment at the end of his probationary period. At the end of his terminal appointment even this provision is satisfied. The University's actions were completely in accord with these regulations and the plaintiffs have no property interest protectable by procedural due process under the Fourteenth Amendment to the United States Constitution. Therefore, this action will be dismissed. The other motions need not now be considered.